IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:08-CV-93-FL

| | | |
|---|---|---|
| VIVIAN MCRAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ROBESON COUNTY BOARD OF | ) | |
| ELECTIONS, GARY BARTLETT, | ) | |
| NORTH CAROLINA STATE BOARD OF | ) | |
| ELECTIONS, ROBESON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## CONTENTS

INTRODUCTION ................................................................................................. 2

BACKGROUND ................................................................................................. 3

ROBESON DEFENDANTS' MOTION FOR PARTIAL DISMISSAL ........................... 6

   I. RULE 12(b)(6) STANDARD OF REVIEW ..................................................... 6

   II. ANALYSIS OF CLAIMS SUBJECT TO DISMISSAL MOTION ......................... 9

      A.   Title VII Claims ................................................................................. 9

      B.   Section 1981 Claims ......................................................................... 11

      C.   Section 1983 Claims ......................................................................... 11

          1. Gender Discrimination ............................................................... 11

          2. Retaliation ................................................................................ 12

      D.   Claims Surviving Dismissal ................................................................ 13

ROBESON DEFENDANTS' SUMMARY JUDGMENT MOTION ................................ 13

   I. STANDARDS OF REVIEW ....................................................................... 14

      A.   Rule 56 Standard of Review .............................................................. 14

      B.   *McDonnell Douglas* Framework ......................................................... 16

II. ANALYSIS OF CHALLENGE TO MCRAE'S CLAIMS ON THE MERITS ........ 18

    A.    Race and Gender Discrimination Claims ........................................ 18

        1. McRae's *Prima Facie* Case ................................................... 18

        2. Robeson Defendants' Showing of Legitimate Non-Discriminatory
           Reasons ............................................................................... 19

        3. McRae's Lack of Showing of Pretext ..................................... 19

    B.    Retaliation Claim .......................................................................... 21

III. ANALYSIS OF ALTERNATIVE GROUNDS FOR SUMMARY JUDGMENT .. 22

    A.    Limited Scope of McRae's EEOC Charge ..................................... 22

    B.    Absence of Vicarious Liability of Robeson County ......................... 23

STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT .............................. 24

  I. ANALYSIS OF ELEVENTH AMENDMENT IMMUNITY DEFENSE ................. 24

  II. ANALYSIS OF CHALLENGE TO MCRAE'S CLAIMS ON THE MERITS ........ 26

  III. ANALYSIS OF ALTERNATIVE GROUNDS FOR SUMMARY JUDGMENT .. 26

    A.    Limited Scope of McRae's EEOC Charge ..................................... 26

    B.    Qualified Immunity of Bartlett ....................................................... 27

    C.    State Defendants as Not Being Necessary Parties ........................... 27

ROBESON DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESSES ............. 28

CONCLUSION ......................................................................................... 28

## INTRODUCTION

This employment discrimination action comes before the court on several motions: the

motion (D.E. 34) to partially dismiss the amended complaint of plaintiff Vivian McRae ("McRae")

by defendants Robeson County and Robeson County Board of Elections ("Robeson Board")

(collectively "Robeson defendants"); (2) the motion (D.E. 46) for summary judgment by defendants

North Carolina State Board of Elections ("State Board") and Gary Bartlett, who is sued in his

individual and representative capacity as Executive Director of the State Board ("Bartlett") (collectively "State defendants"); (3) the motion (D.E. 50) for summary judgment by the Robeson defendants; and (4) the motion (D.E. 47) to exclude McRae's expert witnesses by the Robeson defendants. The movants filed memoranda and, in the case of the summary judgment motions, exhibits in support of the respective motions.[1] McRae did not file a response to any of the motions. The motions were referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the motion for partial dismissal be allowed in part and denied in part, the motions for summary judgment be allowed, and the motion to exclude witnesses be denied as moot.

## BACKGROUND

McRae commenced this employment discrimination action on 4 June 2008. (*See* Compl. (D.E. 1)). On 29 October 2008, with leave of court (D.E. 18), she filed an amended complaint (D.E. 19). In her amended complaint, McRae alleges the following:

She is an African-American female and has been employed by the Robeson Board since 1 February 1981. (Am. Compl. ¶ 4(a)). Robeson County and the State Board employ and supervise the Robeson Board's personnel. (Am. Compl., pp. 2-3 ¶¶ 6-7).[2] Bartlett, as Executive Director of the State Board, is liable in his individual and official capacity. (*Id.*, p. 3 ¶ 8).

---

[1] These filings are: the memorandum supporting the dismissal motion (D.E. 35); the memorandum (D.E. 49) and exhibits (46-3, -4 ) supporting the State defendants' motion; the memorandum (D.E. 51) and exhibits (D.E. 50-3-4; 51-2 to -10) supporting the Robeson defendants' summary judgment motion; and the memorandum (D.E. 48) and exhibits (D.E. 48-2, -3) supporting the Robeson defendants' motion to exclude.

[2] The first eight paragraphs of the amended complaint are numbered 1 to 8, and the succeeding paragraphs 5 to 17, up to the prayer for relief. There are accordingly two sets of paragraphs numbered 5-8. Page citations are therefore given when referring to these paragraphs.

3

McRae has been deprived of equal employment opportunities and accommodations and earnings "because of race and gender and because of her efforts to challenge defendant's [*sic*] discriminatory practices." (*Id.* ¶ 1). Among other discrimination, McRae was denied promotions based on her race and color. (*Id.* ¶ 4(a)). When she complained about defendants' racial practices, she was retaliated against and threatened with dismissal. (*Id.* ¶4(a), p. 3 ¶5, ¶ 13). She was also refused training and other job opportunities based on her race and in retaliation for complaining about racial practices. (*Id.*, p. 3 ¶ 6).

When McRae applied for the position of Director of the Robeson Board ("Director"), the requirements for the position were raised in an attempt to disqualify her, but she remained the best qualified applicant. (*Id.*, p. 4 ¶¶ 7-9). Nevertheless, a white or Native American individual with less seniority and fewer qualifications was selected for the position. (*Id.*, p. 4 ¶¶ 7, 9). McRae was denied the promotion because of her race or color. (*Id.*, p. 4 ¶¶ 7-9). All the defendants approved and joined in the decision not to promote McRae, pursuant to their practice of limiting employment opportunities of African-Americans and giving preference to whites and other non-African-Americans. (*Id.* ¶¶ 12, 14). McRae protested defendants' actions, and they further discriminated and retaliated against her. (*Id.* 13). She filed an EEOC charge in May of 2007 challenging the denial of her promotion and received a right-to-sue letter. (*Id.* 10).

McRae alleges that defendants' actions have violated three statutes: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"); (2) 42 U.S.C. §§ 1981 ("§ 1981") and a corresponding damages provision, § 1981a; and (3) 42 U.S.C. § 1983 ("§ 1983"). Title VII makes it an "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such

4

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 prohibits discrimination on the basis of race by requiring that "[a]ll persons within the jurisdiction of the United States . . . have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and . . . be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981. Section 1983 does not, of course, confer any substantive rights, but rather permits a plaintiff to assert a direct cause of action against any person who under color of law violates constitutionally protected rights, privileges, or immunities. *Googerdy v. N.C. Agric. & Technical St. Univ.*, 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.").

Read liberally, the amended complaint purports to allege under each of these statutes gender discrimination, race discrimination for denial of her promotion to Director and ongoing discriminatory racial practices, and retaliation for protesting the discrimination, both before and after the filing of her EEOC charge.[3] Although McRae does not expressly identify the constitutional rights upon which she relies, the amended complaint appears to allege that the purported discrimination is in violation of her rights under the equal protection clause of the Fourteenth

---

[3] The Robeson defendants argue that the amended complaint alleges retaliation only prior to the filing of her EEOC charge and not in response to the filing of the charge. (Mem. re Dismissal Mot. 10-11). But in making this argument, the Robeson defendants omit citation to paragraph 13 of the amended complaint. (*See id.* 11). Appearing after McRae's allegation (in paragraph 10) that she filed an EEOC charge, paragraph 13 alleges that "[p]laintiff protested the defendants' actions and defendants further discriminated and retaliated against plaintiff because of her protests about defendants' practices." (Am. Compl. ¶ 13). This language is broad enough to encompass retaliation for filing the EEOC charge.

5

Amendment to the United States Constitution and the purported retaliation in violation of her free speech rights under the First Amendment. McRae seeks declaratory and injunctive relief, and compensatory and punitive damages, as well as attorneys' fees and costs for the alleged violation of her rights. (*Id.* Prayer for Relief ¶¶ a-e).

## ROBESON DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

In their motion, the Robeson defendants seek dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of certain claims brought under each of the three statutes at issue, Title VII, § 1981, and § 1983. The claims sought to be dismissed, grouped by the underlying statute, are discussed in turn below after an examination of the standard of review for Rule 12(b)(6) motions.[4]

### I.    RULE 12(b)(6) STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, a complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)

---

[4] The court is addressing the dismissal motion notwithstanding the recommendation below that summary judgment be awarded for defendants on all claims. Among other reasons, several grounds for dismissal are also relied upon for summary judgment and the dismissal sought and recommended is only partial.

6

(internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (holding that court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. But bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 129 S. Ct. at 1951.

While consideration of matters outside the pleadings generally converts a dismissal motion under Rule 12(b)(6) into one for summary judgment, *see* Fed. R. Civ. P. 12(d), in certain circumstances a court may consider documents outside the complaint without effecting such a conversion. These include instances in which the documents are expressly incorporated into the complaint or are official public records central to an asserted claim. *Spain v. Virginia Com. Univ.*, No. 3:09cv266, 2009 WL 2461662, at * 3 (E.D. Va. 11 Aug. 2009); *Beane v. Agape Management Services, Inc.*, No. 3:08-3445-CMC-PJG, 2009 WL 2476629, at*6 (D.S.C. 11 Aug. 2009)

7

(considering EEOC charge on motion to dismiss where charge was referred to in complaint and relied upon by plaintiff without converting motion to one for summary judgment).

The court has the discretion to grant a motion to dismiss under Rule 12(b)(6) with or without prejudice. *St. Clair v. Banker Steel Co., LLC*, No. 6:06CV42, 2007 WL 45785, at *3 (W.D. Va. 2007) (dismissing plaintiff's complaint without prejudice and granting plaintiff leave to file an amended complaint correcting deficiencies). Ordinarily, where a defect in the complaint is curable, the court should grant the dismissal without prejudice. *Cloaninger v. McDevitt*, No. 106CV135, 2006 WL 2570586, at *6-9 (W.D.N.C. 3 Sept. 2006) (granting motion to dismiss without prejudice and granting plaintiff leave to amend to accurately assert the dismissed claims); *Threat v. Potter*, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. 2 June 2006) ("However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action. The Plaintiff is allowed ten days to amend her Complaint. Depending on the nature of any deficiencies in the Amended Complaint, the Defendant may bring this motion again, if warranted."); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("'[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

Although Rule 41 of the Federal Rules of Civil Procedure authorizes a court to dismiss an action for failure of the plaintiff to respond to a motion to dismiss, as occurred here, most courts do "not apply such an unforgiving and relentless sanction simply because a motion to dismiss goes unopposed." *Mitchell v. First Central Bank, Inc.*, No. 2:08CV6, 2008 WL 4145517, at *2 (N.D. W. Va. 8 Sept. 2008); *Daye v. Potter*, 380 F. Supp. 2d 718, 721 (M.D.N.C. 2005) (noting that failure

8

to respond to motion to dismiss could warrant allowing the motion, but proceeding to review of the motion on the merits). The court declines to do so in this case.

## II. ANALYSIS OF CLAIMS SUBJECT TO DISMISSAL MOTION

### A. Title VII Claims

The Robeson defendants seek dismissal of McRae's claims under Title VII for gender discrimination, ongoing disparate treatment on the basis of race, and retaliation prior to filing her EEOC charge. The grounds for dismissal are that these claims were not included in McRae's EEOC charge. This portion of the dismissal motion has merit.

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *See Bryant v. Bell Atl. Maryland, Inc.,* 288 F.3d 124, 142 (4th Cir. 2002) (holding that lack of factual nexus between civil complaint and administrative charge precludes plaintiff from litigating claim). The contents of the EEOC charge establish the permissible scope of a plaintiff's federal lawsuit. *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996). A party's failure "to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones,* 551 F.3d at 300. Because administrative charges are generally not drafted by attorneys, however, courts construe them liberally and assess the "reasonable scope" of the administrative investigation spawned by the charges asserted. *Storkamp v. Geren,* No. 5:06-CV-339-F, 2009 WL 2515555, at *4-5 (E.D.N.C. 14 Aug. 2009).

9

Here, in her EEOC charge (D.E. 35-2), McRae alleges discrimination solely on the basis of race. Of the boxes on the charge form for indicating the type of discrimination alleged, only the box for racial discrimination is checked and the narrative refers to only racial discrimination. The box for sex discrimination is not checked and no other portion of the charge mentions such discrimination. Therefore, the court lacks jurisdiction over any Title VII claims of gender discrimination and it is RECOMMENDED that they be dismissed with prejudice. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("[T]he plaintiff's claim generally will be barred if his charge alleges discrimination on one basis–such as race–and he introduces another basis in formal litigation–such as sex.").

Further, in the charge form, McRae indicates that the discrimination against her occurred on or about only one date, 1 February 2007. This date is listed as both the earliest and latest date the alleged discrimination took place in the space on the charge form for this information. Similarly, the box for indicating continuing discriminatory action is not checked. The narrative explains that on or about 1 February 2007 is the date on which McRae was purportedly denied the promotion to Director. The narrative does not mention discrimination on any other date, including any continuing pattern of discrimination. It is accordingly RECOMMENDED that McRae's claim of ongoing disparate treatment under Title VII be dismissed with prejudice. *See Webb v. North Carolina Dep't of Crime Control and Pub. Safety*, No. 7:08-CV-90-D, 2009 WL 3150266, at *5 (E.D.N.C. 11 Sept. 2009) ("[A]n EEOC charge alleging a claim of discriminatory discipline does not permit a plaintiff to pursue a lawsuit alleging a broader pattern of discrimination in hiring, training, and promotion.").

The EEOC charge also does not allege retaliation prior to the EEOC charge. The box for retaliation is not checked, and the narrative does not refer to any retaliation. It is therefore

10

RECOMMENDED that the claim for retaliation prior to the EEOC charge be dismissed with prejudice as well. *See id.*

**B.     Section 1981 Claims**

The Robeson defendants seek dismissal of McRae's gender discrimination claim under § 1981 on the grounds that § 1981 does not provide for such a claim. The court agrees.

Section 1981 prohibits discrimination on the basis of race. 42 U.S.C. § 1981(a). By its terms, this statute does not apply to gender discrimination. *Ferguson v. Georgia-Pacific, LLC*, 2008 WL 341493, at *3 n.5 (W.D. Va. 5 Feb. 2008) ("Moreover, 42 U.S.C. § 1981 does not apply to gender discrimination.") (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *Cornell v. Gen. Elec. Plastics*, 853 F.Supp. 221, 223 (S.D.W.Va.1994)). It is therefore RECOMMENDED that McRae's claim for gender discrimination under § 1981 be dismissed with prejudice.

**C.     Section 1983 Claims**

The Robeson defendants seek dismissal of McRae's claims under § 1983 for gender discrimination and retaliation. The court will address each claim separately.

**1.     <u>Gender Discrimination</u>**

A § 1983 plaintiff alleging an equal protection violation against a public employer must prove that she belongs to a protected class, she suffered an adverse employment action, and such action gives rise to an inference of discrimination. *Wyckoff v. Md.*, 522 F. Supp. 2d 730, 734 (D. Md. 2007); *Grice v. Baltimore Cty.*, No. 09-1047, 2009 WL 4506395, at * 3 (4th Cir. 3 Dec. 2009) ("The elements of a prima facie case under Title VII are the same under 42 U.S.C. § 1983."). McRae's allegations fail completely to satisfy this third element. The amended complaint refers to gender only once, in the conclusory statement that McRae "has been deprived and is being deprived of equal

11

employment opportunities and accommodations and earnings because of race and gender." (Am. Compl. ¶ 1). Elsewhere in the amended complaint, the discrimination alleged is attributed to McRae's race. The amended complaint therefore lacks sufficient factual matter from which a reasonable inference can be drawn that McRae was discriminated against on the basis of her gender. *See Iqbal*, 129 S. Ct. at 1949. It is therefore RECOMMENDED that McRae's gender discrimination claim arising under § 1983 be dismissed with prejudice.

### 2. **Retaliation**

To state a retaliation claim under § 1983, a plaintiff must allege a causal relationship between protected speech and a subsequent retaliatory adverse employment action. *Love-Lane v. Martin*, 355 F.3d 766, 776 (4th Cir. 2004). The plaintiff must establish "that the protected speech was a substantial factor in the decision to take the allegedly retaliatory action." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 352 (4th Cir. 2000). When an employer's promotion decisions relate to an employee's exercise of First Amendment rights, an employee can state the requisite adverse employment action. *Rutan v. Republican Party*, 497 U.S. 62, 79 (1990). "Determining whether a plaintiff's First Amendment rights were adversely affected by retaliatory conduct is a fact intensive inquiry that focuses on the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts." *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000).

Here, while lacking detail, McRae's amended complaint sufficiently alleges for purposes of Rule 12(b)(6) that she engaged in protected speech and was subsequently retaliated against as a result of that speech. The amended complaint alleges that she complained to defendants about their racial practices and that they retaliated against her by denying her promotions, denying her training

opportunities that would qualify her for promotions, and threatening her with dismissal. (Am. Compl., *e.g.*, ¶¶ 4(a), 5, 6, 10). The amended complaint goes on to set out allegations regarding the denial of her promotion to Director. (*Id.* ¶¶ 7-12). The amended complaint therefore contains minimally sufficient factual matter from which a reasonable inference can be drawn that defendants retaliated against McRae for complaining about their racial practices. *See Iqbal*, 129 S. Ct. at 1949. It is therefore RECOMMENDED that the portion of the Robeson defendants' motion seeking dismissal of plaintiff's retaliation claim pursuant to § 1983 be denied.

### D. Claims Surviving Dismissal

As discussed above, it is recommended that the following claims against the Robeson defendants be dismissed: the claim for gender discrimination under each of the three statutes in issue; the claim under Title VII for ongoing disparate treatment on the basis of race; and the claim under Title VII for retaliation prior to the filing of her EEOC charge. Assuming dismissal of these claims, the following claims against the Robeson defendants would remain: the claim for race discrimination for denial of McRae's promotion to Director, under each of the statutes; the claim for ongoing discriminatory racial practices, under § 1981 and § 1983; the claims for retaliation before the filing of her EEOC charge, under § 1981 and § 1983; and the claim for retaliation after the filing of the EEOC charge, under each of the statutes. Of course, none of the other defendants moved to dismiss the claims against them and therefore all the claims against them survived through the dismissal stage of this litigation.

### ROBESON DEFENDANTS' SUMMARY JUDGMENT MOTION

In their summary judgment motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Robeson defendants seek summary judgment dismissing all the claims against them.

13

The principal ground for the motion is that both Robeson defendants are entitled to summary judgment on the merits of McRae's claims. The Robeson defendants assert additional grounds that relate to only certain claims or to only Robeson County.

The court will analyze first the challenge to the merits of McRae's claims after setting out applicable standards of review. The court will then turn to the other grounds advanced by the Robeson defendants for summary judgment.

The court will include in its analysis the claims against them recommended for dismissal. Among other reasons, these claims could still come before the District Judge for disposition on summary judgment in the event the recommendation on dismissal is not adopted or the dismissal motion is deemed moot.

## I.  STANDARDS OF REVIEW

### A.  Rule 56 Standard of Review

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint*

14

*Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A party's failure to respond to a summary judgment motion may result in the motion being granted against him but does not wholly excuse the moving party from its burden of establishing that the uncontroverted facts entitle it to judgment as a matter of law. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir .1993). "Therefore, even when the adverse party fails to respond to the motion for summary judgment, the court must review the motion and the materials before the court to determine if the moving party is entitled to summary judgment as a matter of law." *Meyer v. Qualex, Inc.*, 388 F.Supp.2d 630, 634 (E.D.N.C. 2005).

The Supreme Court has held that trial courts should not analyze discrimination claims any differently than other ultimate questions of fact for purposes of a summary judgment analysis. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). Nevertheless, "[c]ourts take special care when considering summary judgment in employment discrimination cases because states of mind and motives are often crucial issues." *Curry v. Guardian Indus. Corp.*, No. 05:2054-JFA-JRM, 2007 WL 172510, at *3 (D.S.C. 18 Jan. 2007).

15

## B. *McDonnell Douglas* Framework

Where the plaintiff does not rely on direct evidence of racial animus, but rather indirect evidence, as is permissible, the court's analysis on summary judgment of the merits of a plaintiff's claims is guided by the burden-shifting standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 859-60 (M.D.N.C. 2003) ("In this case, Plaintiff has only offered indirect evidence of discrimination. Therefore, under the traditional principles of federal employment-discrimination law, Plaintiff must use the three-step indirect method of proof established by the Supreme Court in *McDonnell Douglas*."). This standard applies equally to claims arising under Title VII, § 1981, and § 1983. *Cooner v. Clayton*, No. 5:06-CV-338-D, 2008 WL 821541, at *5 (E.D.N.C. 26 Mar. 2008) ("Where a plaintiff asserts an employment discrimination claim under sections 1981 and 1983, courts use the proof framework for Title VII disparate treatment claims.").

Here, McRae relies solely on indirect evidence of discrimination. (Pl.'s Depo. (D.E. 51-7) 52). The record is bereft of any direct evidence of discrimination, such as express oral or written statements of discriminatory intent. The *McDonald Douglas* framework therefore applies.

Moreover, although McRae alleges in her amended complaint ongoing discrimination in addition to her non-promotion to Director, she has adduced no evidence of it. While she conclusorily alleged at her deposition that she was denied the opportunity to attend training and seminars on the basis of race (*id.* 59-61, 71), she has not provided any evidence supporting those allegations. The court will therefore focus on her non-promotion claim.

Under the *McDonnell Douglas* framework, in order to make a *prima facie* showing of failure to promote based on race, a plaintiff must allege sufficient facts to show that: (1) plaintiff belongs

16

to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite plaintiff's qualifications, plaintiff was rejected for the position; and (4) the position remained open or a person outside of plaintiff's protected group was selected for the position. *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). The burden of establishing a *prima facie* case is not an onerous one. *Evans*, 80 F.3d at 960.

Once a plaintiff has made the *prima facie* showing, he has established a rebuttable presumption of unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Evans*, 80 F.3d at 959. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the action. *Evans*, 80 F.3d at 959. If the employer can establish a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the legitimate reason offered by the defendant was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Gillins v. Berkeley Elec. Coop., Inc.*, 148 F.3d 413, 415-17 (4th Cir. 1998). Pretext can be established with evidence that the employer's explanation for an employment decision is "unworthy of credence" or is false. *Reeves*, 530 U.S. at 147. To survive summary judgment at this stage, the plaintiff must establish the presence of issues of fact as to whether the defendant's explanation is pretextual. *See Burdine*, 450 U.S. at 255 n.10.

As with her claims of discrimination, the *McDonnell Douglas* framework is applied to McRae's claim of retaliation. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002). A *prima facie* case of retaliation is established where a plaintiff has demonstrated that: (1) he or she engaged in protected activity; (2) an adverse employment action was taken; and (3) there was a causal link between the protected activity and the adverse action. *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991). Once the plaintiff establishes a *prima facie* case of retaliation,

17

the rest of the *McDonnell Douglas* test is applied and the court analyzes whether the employer has produced a legitimate, non-discriminatory reason for the employee's non-selection and, if so, whether the employee can show that the reason is pretextual. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 651 (4th Cir. 2007) ("The [burden shifting part] of the *McDonnell Douglas* analysis for [the plaintiff's] retaliation claim proceeds as it did under her discrimination claim.").

## II.     ANALYSIS OF CHALLENGE TO MCRAE'S CLAIMS ON THE MERITS

### A.     Race and Gender Discrimination Claims

#### 1.     McRae's *Prima Facie* Case

Applying the foregoing principles, to establish her *prima facie* case on race and gender discrimination plaintiff must show that she was a member of a protected class, that she applied and was qualified for Director and was rejected, and that a person outside of her race and sex, respectively, was selected for the position. Each of these requirements is examined below.

As an African-American and woman, McRae has satisfied the first requirement that she belong to a protected class with respect to both her race and gender discrimination claims. In satisfaction of the second requirement, McRae has shown and it is not disputed that she applied for Director and was generally qualified for the position. Despite her qualifications, she was not selected. As to the final requirement for the *prima facie* case, plaintiff has established that the individual selected, Dock Locklear, was a white or Native American male. Therefore, having satisfied each of the requirements, plaintiff has adequately stated a *prima facie* case of discrimination on the basis of race and gender for purposes of summary judgment.

18

## 2. Robeson Defendants' Showing of Legitimate Non-Discriminatory Reasons

The burden now shifts to the Robeson defendants to come forward with legitimate non-discriminatory reasons for failing to select McRae for the open position. They point to two main reasons for selecting another individual over plaintiff for Director.

First, the Robeson defendants contend that the hiring was the result of an objective written application and interviewing process. They submitted affidavits and deposition testimony from the three members of the Robeson Board, who each state that they fairly considered McRae's application but did not deem her to be the most qualified candidate. (*See* Patricia McRae Aff. (D.E. 51-3); Joshua Malcolm Aff. (D.E. 51-4); Charles Stone Dep. (D.E. 51-8)). Specifically, they noted that some of McRae's interview answers were deficient, whereas Locklear demonstrated a thorough understanding of election law. (P. McRae Aff. ¶21; Malcolm Aff. ¶17; Stone Dep. 7). Second, the Robeson defendants rely on Locklear's previous experience and successful tenure as Interim Director to justify his permanent appointment to Director. (Stone Dep. 2, 5).

Each of these non-discriminatory reasons advanced by the Robeson defendants for the reasons Locklear was selected over McRae is supported by evidence of record, as variously cited herein. The court therefore finds that the Robeson defendants have presented sufficient evidence to show for purposes of summary judgment that there were legitimate non-discriminatory reasons for the failure to hire McRae for the vacant position.

## 3. McRae's Lack of Showing of Pretext

Given that the Robeson defendants have put forth legitimate, non-discriminatory reasons for McRae's failure to be promoted, McRae must present evidence that each of the reasons proffered was pretextual and that discrimination was the real motivation for her non-promotion. As noted

19

McRae did not respond to the pending motions, and the other evidence in the record demonstrates that McRae has failed to make this showing.

McRae's deposition testimony alleging race discrimination rests largely on her speculation that she was discriminated against, for example, that she "just felt" that the decisions were made on the basis of race. (Pl.'s Depo. 2). Her testimony regarding alleged gender discrimination was similar. (*See id.* 89-90). To survive summary judgment, however, McRae must rely on more than simply speculation. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 57-58 (4th Cir. 1995). The mere fact McRae is of a different race and sex than Locklear does not automatically establish pretext. *Autry v. N.C. Dep't of Human Res.*, 820 F.2d 1384, 1386 (4th Cir. 1987) ("In other words, she would have to show that she was not promoted *because of* her race, not that she was a member of the black race *and* was not promoted.") (emphasis in original); *Geist v. Gill/Kardash Partnership,* ___ F. Supp. 2d ___, 2009 WL 4342519, at *5-6 (D. Md. 24 Nov. 2009) (holding that plaintiff did not meet her burden of establishing that differences in benefits of employment were due to her gender and that defendant's reasons were pretextual); *Venable v. Apfel*, 19 F. Supp. 2d 455, 465 (M.D.N.C. 1998) ("[T]he Fourth Circuit has clearly held that in determining whether an employer engaged in intentional discrimination, 'the mere fact of replacement by a younger employee is not dispositive of age discrimination.'") (quoting *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 202 (4th Cir.1997)).

Moreover, an employer is free to set its own criteria for making employment decisions and McRae's own speculative conclusions that she was more qualified or had more experience than Locklear are not entitled to great weight. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) ("[Plaintiff] cannot establish her own criteria for judging her

qualifications for the promotion. She must compete for the promotion based on the qualifications established by her employer."). Here, the three members of the Robeson Board who made the hiring decisions gave objective, reasonable, and legitimate reasons for their decision to hire Locklear and no other probative evidence of discriminatory animus has been presented.

Based on the foregoing evidence and taking the facts in the light most favorable to McRae, the court finds that McRae has failed to establish that a jury could reasonably conclude that the reasons advanced by the Robeson defendants for the decision to promote Locklear were a pretext and that such promotion was instead the result of impermissible race or gender discrimination. McRae's race and gender discrimination claims therefore present no genuine issue as to any material fact and the Robeson defendants are entitled to judgment on these claims as a matter of law. It is accordingly RECOMMENDED that summary judgment be allowed in favor of the Robeson defendants dismissing these claims.

### B.    Retaliation Claim

As indicated, a *prima facie* case of retaliation is established where a plaintiff has demonstrated that: (1) he or she engaged in protected activity; (2) an adverse employment action was taken; and (3) there was a causal link between the protected activity and the adverse action. *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991). Here, while McRae has conclusorily alleged in her amended complaint that she engaged in prior protected activity, she has wholly failed to come forward with any factual support to establish such activity. Nor has she established a causal link between any protected activity and her failure to be promoted to Director. A causal connection may be found to exist where there is evidence that the employer knew of the protected activity, as well as by showing a close proximity in time between the protected activity and the adverse event. *See*

21

*Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). Here, McRae has not adequately established any awareness by the decision makers of any prior protected activity or any close temporal connection between such activity and her failure to be promoted.

Moreover, even if the court were to find that McRae had satisfied her *prima facie* case of retaliation, for the reasons set forth above, the Robeson defendants have advanced legitimate non-discriminatory reasons for the decision to promote Locklear. Even taking the facts in the light most favorable to McRae, she has not provided any evidence that the reasons proffered by the Robeson defendants were pretextual. Therefore, as with her race and gender discrimination claims, McRae's retaliation claim against the Robeson defendants presents no genuine issue as to any material fact, and the Robeson defendants are entitled to judgment on this claim as a matter of law. It is accordingly RECOMMENDED that summary judgment be allowed in favor of the Robeson defendants dismissing the retaliation claim.

## III. ANALYSIS OF ALTERNATIVE GROUNDS FOR SUMMARY JUDGMENT

### A. Limited Scope of McRae's EEOC Charge

Both the Robeson defendants seek summary judgment dismissing the Title VII claims for gender discrimination, ongoing disparate treatment on the basis of race, and retaliation prior to filing her EEOC charge on the alternative grounds that they were not included in McRae's EEOC charge. The Robeson defendants sought dismissal of these same claims in their dismissal motion. The same reasons that warrant dismissal of these claims pursuant to that motion warrant their dismissal pursuant to the Robeson defendants' summary judgment motion. It is therefore RECOMMENDED that summary judgment be awarded to the Robeson defendants on the foregoing Title VII claims on these alternative grounds.

22

Robeson County contends that it is entitled to summary judgment on all of McRae's Title VII claims on the alternative grounds that it was not named in McRae's EEOC charge. "Title VII precludes a plaintiff from stating a claim against any defendant not named a respondent in an EEOC charge." 42 U.S.C. § 2000e-5(f)(1); *Onan v. County of Roanoke*, No. 941-1770, 1995 WL 234290, at *2 (4th Cir. 21 April 1995). There are, however, several exceptions to this general rule, including where the named and unnamed parties have substantially the same identity or an agency relationship. *Brown v. Scotland County*, No. 1:01CV00936, 2003 WL 21418099, at *9 (M.D.N.C. 17 June 2003). Because the evidence of record does not conclusively demonstrate the nature of the relationship between Robeson County and the Robeson Board, and thereby whether or not this exception is applicable, the court declines to adopt the non-naming of Robeson County in the EEOC charge as a ground for summary judgment.

**B.     Absence of Vicarious Liability of Robeson County**

Similarly, Robeson County also contends that it is entitled to summary judgment on all the claims against it because, not only does the record fail to create an issue that it engaged in any discriminatory conduct, but it is not legally responsible for any discriminatory conduct by the Robeson Board on an agency theory. The court's *McDonnell Douglas* analysis found that no issue has been created as to whether either of the Robeson defendants discriminated against McRae. This case therefore does not present the issue whether Robeson County would be liable for discrimination by the Robeson Board. There accordingly is no need for the court to resolve the issue, and the court declines to do so.

23

**STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In their summary judgment motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the State defendants seek summary judgment dismissing all the claims against them. One ground they assert is immunity under the Eleventh Amendment. Both State defendants also contend that McRae has failed to create an issue of material fact that they are liable for discrimination. The State defendants assert additional grounds that relate to only certain claims against both of them or to separate claims against each. The court will address first the Sate Board's immunity defense and then the other grounds for summary judgment.

## I.     ANALYSIS OF ELEVENTH AMENDMENT IMMUNITY DEFENSE

The Eleventh Amendment limits the authority of the federal courts to hear claims against the States. In doing so, it recognizes that the doctrine of sovereign immunity limited the judicial authority granted in Article III of the United States Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). By its terms, the amendment addresses only suits against a State by citizens of another state or another country. The amendment reads: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. However, the Supreme Court has interpreted the sovereign immunity which the Eleventh Amendment recognizes to apply as well to suits against a State by its own citizens. *Id.* (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). The limitation effected by sovereign immunity applies to claims against a State regardless of the nature of the relief sought. *Id.* at 100 (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)).

A State may waive its sovereign immunity against suit in federal court, but such waiver must be unequivocally expressed. *Pennhurst*, 465 U.S. at 99. Similarly, while Congress may abrogate the Eleventh Amendment in legislation under the Fourteenth Amendment, an unequivocal expression of Congress's intent to do so is required. *See id.*

Here, no issue of waiver or abrogation of Eleventh Amendment immunity is presented. It is therefore RECOMMEND that summary judgment be granted in favor of the State Board on all claims in McRae's amended complaint on the alternative grounds of sovereign immunity.

Eleventh Amendment immunity also bars suits against individual State officials in their official capacity when the suits are deemed to be against the State. *Will v. Michigan Dep't of St. Police*, 491 U.S. 58, 71 (1989); *Pennhurst*, 465 U.S. at 101-02. Such is the case when an individual State official is sued in federal court in his official capacity for money damages based on a federal law claim. *Will*, 491 U.S. at 71. However, when an individual is sued in his official capacity for prospective equitable relief based on an alleged federal constitutional violation, the suit is not deemed to be one against the State, and the Eleventh Amendment does not bar it. *Will*, 491 U.S. at 71 n.10; *Ex parte Young*, 209 U.S. 123, 159-60 (1908).

Under the foregoing principles, the only claims against the individual defendant, Bartlett, in his official capacity not barred by the Eleventh Amendment are the claims seeking prospective declaratory and injunctive relief. *See Coakley v. Welch*, 877 F.2d 304, 306 (4th Cir. 1989) (holding that state officials were not immune under the Eleventh Amendment from a claim for the injunctive relief of reinstatement of employment). It is therefore RECOMMENDED that summary judgment be allowed with respect to all the claims against Bartlett in his official capacity on the grounds of sovereign immunity, except for the claims for prospective injunctive relief.

25

## II.  ANALYSIS OF CHALLENGE TO MCRAE'S CLAIMS ON THE MERITS

Without prejudice to their other defenses, both State defendants contend that they are entitled to summary judgment on the grounds that the record does not create an issue that they engaged in discriminatory or retaliatory conduct against McRae. The court agrees. The court's *McDonnell Douglas* analysis established that McRae has failed to create an issue of material fact that the promotion of Locklear to Director was discriminatory or that they retaliated against her. The only evidence of conduct by the State defendants relating to her was Bartlett's act of signing the formal appointment document. McRae has therefore failed to adduce any evidence of discriminatory or retaliatory conduct by the State defendants against her. It is therefore RECOMMENDED that summary judgment be awarded to the State defendants on this alternative ground.

The State defendants contend that they lacked statutory authority to make the promotion decision regarding McRae or otherwise supervise her, and that the absence of such authority insulates them from liability for discrimination or retaliation against McRae. Because there is no evidence of discriminatory or retaliatory conduct by the State defendants, the issue of their statutory authority to engage in conduct that could have had a discriminatory or retaliatory effect on McRae is not before the court and the court declines to address it.

## III.  ANALYSIS OF ALTERNATIVE GROUNDS FOR SUMMARY JUDGMENT

### A.  Limited Scope of McRae's EEOC Charge

Both State defendants seek summary judgment on the grounds that they were not named in McRae's EEOC charge. As noted above, Title VII precludes a claim against any defendant not named a respondent in an EEOC charge subject to certain exceptions. The court declines to adopt

this ground with respect to the State defendants, as it did with respect to the Robeson defendants, for comparable reasons.

## B. Qualified Immunity of Bartlett

Bartlett contends that he is entitled to summary judgment on the grounds of qualified immunity. Qualified immunity protects government officials from liability insofar as their actions do not violate clearly established constitutionally protected rights of which a reasonable official would have known. *See Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000). Qualified immunity is only available for claims brought pursuant to § 1983 and § 1981 and does not provide protection from liability on Title VII claims. *Cutts v. Peed*, 17 Fed. Appx. 132, 136, 2001 WL 963728, at *3 (4th Cir. 24 Aug. 2001) ("[T]here is no qualified immunity from liability under Title VII.").

The State defendants argue that Bartlett is entitled to qualified immunity on the claims asserted in McRae's amended complaint because Bartlett did not have discretion to make appointments to the Director position and was required by law to appoint the choice of the Robeson Board. In light of the sufficiency of the other grounds for summary judgment as to Bartlett, the court need not determine the sufficiency of his qualified immunity defense, and it declines to do so.

## C. State Defendants as Not Being Necessary Parties

The State defendants seek summary judgment on the alternative grounds that they are not necessary parties to the action within the meaning of Rule 19 of the Federal Rules of Civil Procedure, as the Robeson Board has contended.[5] Even if the State defendants were deemed not to

---

[5] In its answer to the original complaint (D.E. 4 at 5), the Robeson Board asserted as part of its Third Affirmative Defense that the State defendants were necessary parties. In response, plaintiff moved for (D.E. 14), and was allowed (D.E. 18), leave to amend her complaint to assert claims against the State defendants.

27

be necessary parties, this fact would not serve as an independent basis for dismissal of McRae's claims and the State defendants have not cited any authorities supporting their contention that it would. Accordingly, the court rejects this alternative ground for summary judgment by the State defendants.

## ROBESON DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESSES

As indicated, the Robeson defendants move to exclude McRae's expert witnesses. Because it is recommended that summary judgment be allowed for the Robeson defendants dismissing all of McRae's claims against them, the motion to exclude expert witnesses is moot. It is accordingly RECOMMENDED that it be denied as such.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that:

1.      the Robeson defendants' motion to dismiss (D.E. 34) be ALLOWED in part and DENIED in part on the terms set forth above;

2.      the Robeson defendants' motion for summary judgment (D.E. 50) be ALLOWED and all claims against them be DISMISSED WITH PREJUDICE;

3.      the State defendants' motion for summary judgment (D.E. 46) be ALLOWED and all claims against them be DISMISSED WITH PREJUDICE; and

4.      the Robeson defendants' motion to exclude expert witnesses be DENIED as moot.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation

28

and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 27th day of January, 2010.

James E. Gates
United States Magistrate Judge