IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CV-93-FL

| | | |
|---|---|---|
| VIVIAN MCRAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBESON COUNTY BOARD OF | ) | ORDER |
| ELECTIONS; GARY BARTLETT, | ) | |
| Executive Director, in his individual and | ) | |
| representative capacity, NORTH | ) | |
| CAROLINA STATE BOARD OF | ) | |
| ELECTIONS; and ROBESON | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 57), regarding several motions filed by defendants. Defendants Robeson County Board of Elections and Robeson County (collectively the "Robeson defendants") have jointly filed a partial motion to dismiss (DE # 34), a motion to exclude plaintiff's expert witnesses (DE # 47) and a motion for summary judgment (DE # 50). Defendants Gary Bartlett and North Carolina State Board of Elections (collectively the "State defendants") have jointly filed a motion for summary judgment (DE # 46). No objections to the M&R have been filed, and the time within which to make any objections has expired. In this posture, the matter is ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff initiated this action on June 4, 2008 and later amended her complaint with leave of court

on October 29, 2008. In her amended complaint, plaintiff alleges defendants committed various acts of employment discrimination in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et. seq. ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff, an African-American woman, argues she was discriminated against on the basis of race and gender when she was denied promotions, refused training and other job opportunities, and retaliated against after complaining of discrimination. In May of 2007, plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). For the alleged violations of her rights, plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs.

The Robeson defendants, on March 24, 2009, filed a partial motion to dismiss plaintiff's Title VII claims for gender discrimination, ongoing disparate treatment on the basis of race, and retaliation prior to filing her EEOC charge; plaintiff's § 1981 claim for gender discrimination; and plaintiff's § 1983 claims for gender discrimination and retaliation. Plaintiff did not respond to this motion. On July 16, 2009, the State defendants filed a motion for summary judgment as to all claims, and the Robeson defendants filed a motion for summary judgment as to all claims and a motion to exclude plaintiff's expert witnesses. Plaintiff failed to respond to these motions as well.

The magistrate judge reviewed the motions and entered an M&R recommending that the Robeson defendants' motion to dismiss be allowed in part and denied in part, the Robeson defendants' motion for summary judgment be allowed, the State defendants' motion for summary judgment be allowed, and the Robeson defendants' motion to exclude expert witnesses be denied as moot.

The magistrate judge concludes that plaintiff's Title VII claims against the Robeson defendants should be dismissed based on plaintiff's failure to include said claims in her EEOC charge. The magistrate

2

judge recommends that plaintiff's gender discrimination claim under § 1981 be dismissed because that statute does not apply to gender discrimination, and that her gender discrimination under § 1983 be dismissed because her complaint does not allege facts giving rise to an inference of discrimination on that basis. However, the magistrate judge recommends denying the Robeson defendants' motion to dismiss plaintiff's retaliation claim under § 1983, as plaintiff's complaint establishes a *prima facie* case of retaliation.

Though plaintiff establishes a *prima facie* case of retaliation, this claim, along with her other claims, ultimately fails to survive the Robeson defendants' motion for summary judgment. The magistrate judge finds that summary judgment should be granted on behalf of the Robeson defendants because, among other reasons, plaintiff fails on the merits of her claims. The Robeson defendants were able to provide legitimate reasons for their decision not to promote plaintiff, and plaintiff has not provided any evidence indicating these reasons were a pretext for any improper motives.

Similarly, the magistrate judge recommends granting the State defendants' motion for summary judgment because plaintiff has failed to demonstrate a genuine issue of material fact on the merits of her claims. Additionally, all claims against the State Board of Elections should be dismissed on the alternative grounds of sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984). The magistrate judge notes that sovereign immunity will not protect defendant Bartlett from claims seeking declaratory and injunctive relief, but ultimately finds this inconsequential, as plaintiff's claims against all defendants fail on the merits. In light of the sufficiency of these grounds for summary judgment, the magistrate judge elected not to address a number of other arguments set forth by defendants.

## CONCLUSION

After careful review of the M&R, the relevant case law, and the pleadings and motions, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Because the court finds that summary judgment should be granted on behalf of all defendants, however, the Robeson defendants' partial motion to dismiss (DE # 34) shall be DENIED as moot. In all other respects, the court ADOPTS the recommendations and findings of the magistrate judge as its own. For the reasons stated therein, the Robeson defendants' motion for summary judgment (DE # 50) and the State defendants' motion for summary judgment (DE # 46) are ALLOWED and all claims against them are DISMISSED WITH PREJUDICE. The Robeson defendants' motion to exclude expert witnesses (DE # 47) is DENIED as moot. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 7th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge